UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MARTIN,

     Plaintiff,

                                 Case No. 23-12741

v.

                                 Hon. George Caram Steeh

RYAN SASS, *et al.*,

     Defendants.

_____/

## ORDER REGARDING FILING FEE

Appearing pro se, Plaintiff Eric Martin filed his complaint and an application to proceed without prepayment of fees on October 27, 2023. On November 8, 2023, the court denied the application without prejudice because Plaintiff did not complete the application or provide financial information. Plaintiff filed an objection, arguing that he is not required to fill out the application because it is "irrelevant" to his reasoning as to why the filing fee should be waived. ECF No. 6. Plaintiff contends that the filing fee violates his "right against slavery" and his right to access the courts.

Plaintiff is incorrect. "Filing fees for civil suits have been challenged on constitutional grounds before, without success." *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002). The Sixth Circuit has upheld filing fee

requirements, rejecting various constitutional arguments, including that the fee requirements infringed prisoners' right to access the courts. *Hampton v. Hobbs*, 106 F.3d 1281, 1284 (6th Cir. 1997). As the Seventh Circuit explained, "Federal courts are subsidized dispute-resolvers; filing fees defray only a small portion of the costs. A requirement that plaintiffs cover some of these costs cannot be called unconstitutional. The Supreme Court has never held that access to the courts must be free; it has concluded, rather, that reasonably adequate opportunities for access suffice." *Lewis*, 279 F.3d at 528 (citing *Lewis v. Casey*, 518 U.S. 343 (1996)).

Plaintiffs who cannot afford the filing fee are provided a reasonable opportunity to access the courts when they submit a completed application to proceed without prepayment of fees. This is an option afforded Plaintiff here. But the court cannot make a determination whether it is appropriate to grant the application if Plaintiff does not complete it. *See Young v. Nessel*, No. 20-12707, 2021 WL 5713678, at *1 (E.D. Mich. Apr. 16, 2021) ("In determining [in forma pauperis] eligibility, courts will generally look to whether the person [is] employed, the person's annual salary, and any other property or assets the person may possess.") (citation omitted).

If Plaintiff fails to pay the filing fee or complete the application to proceed without prepayment of fees, the court may dismiss the case. *See*

*id.* Therefore, IT IS HEREBY ORDERED that Plaintiff shall pay the filing fee or submit a completed application to proceed without prepayment of fees on or before **January 2, 2024**. Failure to submit payment of the fee or a completed application may result in dismissal of this action.

 SO ORDERED.


Dated: December 7, 2023      <u>s/George Caram Steeh</u>
           George Caram Steeh
           United States District Judge