<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 24-1025

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Feb 9, 2024
KELLY L. STEPHENS, Clerk
```

| | |
|---|---|
| ERIC MARTIN, | ) |
| | ) |
|    Plaintiff-Appellant, | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| RYAN SASS, Michigan State Police Officer, et al., | ) MICHIGAN |
| | ) |
|    Defendants-Appellees. | ) |

<u>O R D E R</u>

Before: SUHRHEINRICH, MOORE, and GILMAN, Circuit Judges.

This matter is before the court upon initial consideration of appellate jurisdiction.

Eric Martin filed a civil action in the district court. He also filed an incomplete application to proceed in forma pauperis ("IFP") that did not provide any financial information. The district court therefore denied the application without prejudice in a November 8, 2023 order. Martin filed objections, arguing that he did not have to fill out the application and that the filing fee violated his right to access the courts. The district court overruled the objections and, on December 7, 2023, ordered Martin either to pay the filing fee or to submit a completed application to proceed IFP on or before January 2, 2024. Martin was cautioned that his failure to submit the fee or the completed application could result in dismissal of his action. Martin did not submit the fee or an amended completed application. Instead, on January 9, 2024, he filed a notice of appeal of the November 8, 2023, and December 7, 2023 orders. On January 17, 2024, the district court dismissed his action for failure to prosecute.

We lack jurisdiction over Martin's appeal of the December 7, 2023 order, and likely lack jurisdiction over the appeal of the November 8, 2023 order. Generally, we have jurisdiction to

review only "final decisions of the district courts," 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "A 'final decision' generally . . . ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). The December 7, 2023 order requiring Martin either to pay the filing fee or to submit a completed application to proceed IFP is not a final order because it did not end the litigation. Nor is it an appealable interlocutory order. *See Ledbetter v. Religious Prac. Comm.*, No. 23-10612, 2023 WL 6807029, at *1 (5th Cir. Oct. 16, 2023) (finding that an order requiring plaintiffs to pay a filing fee or submit an application for leave to proceed IFP was not among the type of interlocutory orders that are appealable); *cf. Roberts v. United States Dist. Ct.*, 339 U.S. 844, 845 (1950) (holding that a district court order denying pauper status for the district court action is immediately appealable).

The fact that the district court entered final judgment since Martin filed his notice of appeal does not change this conclusion. Federal Rule of Appellate Procedure 4(a)(2) provides that "a notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." However, this rule "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment." *FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991). "Rule 4(a)(2) [does not] permit[] a notice of appeal from a clearly interlocutory decision . . . to serve as a notice of appeal from the final judgment." *Id.* Because the December 7, 2023, order was a clearly interlocutory decision, Rule 4(a)(2) does not operate to make Martin's premature notice of appeal effective.

We likely lack jurisdiction over the appeal of the November 8, 2023 denial of Martin's IFP motion. Although a denial of a motion to proceed IFP is generally immediately appealable, *see, e.g.*, *Roberts*, 339 U.S. at 845; *see also* Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *15A Fed. Prac. & Proc. Juris.* § 3914.4 (3d ed. 2023), the district court denied the motion

without prejudice to its renewal. The district court made this decision based on the fact that Martin failed to supply sufficient information to review the IFP motion, meaning that the district court did not definitively resolve whether Martin was entitled to proceed IFP. Accordingly, the November 8 order denying Martin the ability to proceed IFP without prejudice is not a final or appealable collateral order. *See, e.g.*, *Medina v. Fla. Bd. Of Bar Examiners*, No. 21-13913-BB, 2022 WL 20113312, at *1 (11th Cir. Nov. 7, 2022) (per curiam) (similarly holding that a denial of an IFP motion was not a final or appealable collateral order because the order "did not conclusively resolve" whether the plaintiff could proceed IFP). In any event, assuming we have jurisdiction[1], we conclude that the district court did not abuse its discretion by denying Martin's IFP application. *See, e.g.*, *White v. Am. Corr. Ass'n*, 25 F. App'x 410, 411 (6th Cir. 2002) (affirming dismissal of action when plaintiff "failed to pay the filing fee or submit the required documentation to proceed in forma pauperis").

Accordingly, we **DISMISS** the appeal for lack of jurisdiction.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

---

[1] Because the jurisdictional issue in this case arises from our statutory authority, not the Constitution, and presents difficult jurisdictional questions, we may consider resolving the IFP issue on the merits. *See, e.g.*, *Khodr v. Holder*, 531 F. App'x 660, 665 n.4 (6th Cir. 2013) (collecting cases); *MacDonald v. Brighton Police Chief*, No. 23-1331, 2023 WL 9324735, at *1 (1st Cir. Oct. 23, 2023) (judgment) (looking to merits of appeal of denial of IFP motion because "the district court's orders clearly are correct").

United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 02/09/2024.

**Case Name:** Eric Martin v. Ryan Sass, et al
**Case Number:** 24-1025

**Docket Text:**
ORDER filed to dismiss case for lack of jurisdiction. No mandate to issue, decision not for publication. Richard F. Suhrheinrich, Circuit Judge; Karen Nelson Moore, Circuit Judge and Ronald Lee Gilman, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

Mr. Eric Martin
9074 Clippert Street
Taylor, MI 48180

**A copy of this notice will be issued to:**

Ms. Kinikia D. Essix